In re SEARCH WARRANT FOR the COMMISSIONER OF LABOR TO INSPECT the PREMISES OF J & P CUSTOM PLATING, INC., 807 NORTH MERIDIAN STREET, PORTLAND, JAY COUNTY, Indiana.

No. 2–1082A369.

Court of Appeals of Indiana, Second District.

Jan. 17, 1984.

Linley E. Pearson, Atty. Gen. of Indiana, James F. Schmidt, Deputy Atty. Gen., Indianapolis, for appellant Com'r of Labor.

William W. Hinkle, Hinkle & Racster, Portland, for appellee J & P Custom Plating, Inc.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Plaintiffs-appellants State of Indiana and IOSHA Inspector (the State) appeal the trial court's decision to quash a search warrant to inspect the premises of J & P Custom Plating, Inc. (J & P) for lack of probable cause.

We reverse and remand.

### FACTS

The undisputed facts are that on May 25, 1982 the Commissioner of Labor applied to the Jay Circuit Court for an administrative search warrant with supporting affidavits from Jack H. Faulkner, Director of Building and Factory Inspection (Faulkner), and IOSHA Inspector Harris Crowder (Crowder). Faulkner's affidavit presented the following pertinent information:

"3. That within the general industry category IOSHA conducts both unprogrammed and programmed inspections. Unprogrammed inspections are those where alleged hazardous working conditions have been identified at a specific establishment and include fatality/catastrophe investigations, complaint or referral inspections and followup inspections. Programmed (also known as general scheduled) inspections are those in which the establishment is selected for inspection based upon neutral selection criteria and are conducted to assure that employers are in compliance with the Act and the standards promulgated under it.

4. That the inspection of the above-stated employer is a programmed inspection.

5. That *ninety-five percent (95%) of the programmed inspections are conducted in 268 high hazard industries, which include approximately 5,850 private sector Indiana employers.* The industry classifications are *derived from the Standard Industrial Classification (SIC) Manual, which manual includes all establishments by the type of economic activity in which they are engaged in order to facilitate the gathering and analysis of statistical data and* promote its uniformity and comparability.* It is IOSHA's intent to concentrate enforcement activity in those industries which have the highest hazards in order to attempt to carry out the goal of reducing occupational injuries and illnesses.

6. That these *industries are classified as high hazard because they have greater than or equal to 4.2 lost work day injury cases per 100 employees per year as determined by 1979 statistical surveys* (the latest available statistics at the beginning of fiscal year 1982) by the Department of Labor, and the Bureau of Labor Statistics, United States Department of Labor. The 4.2 lost work day injury case rate was the 1979 national average for all employers.

7. That the *above-stated employer is included in said program because it is one of the 268 high hazard industries* specifically Standard Industrial Classification number 3471 which includes establishments *engaged in all types of electroplating, plating, anodizing, coloring, and finishing of metals and formed products for the trade.*"

*Record* at 12–13 (emphasis supplied).

A search warrant was issued, but because J & P objected to the probable cause foundation, the warrant was temporarily stayed pending a hearing. Subsequent to the hearing, an order to quash the search warrant was issued.

### ISSUE

The State presents just one issue for our determination:

Was the trial court presented with sufficient evidence to establish probable cause for issuance of an administrative search warrant?

### DECISION

PARTIES' CONTENTIONS—The State directs us to cases granting an administrative search warrant based on the same inspection program and comparable evidentiary presentations. J & P, however, finds

fault with the inspection program's industry classification system and the lack of evidence establishing probable cause to search this particular company.

CONCLUSION—The trial court was presented with sufficient evidence to establish probable cause for issuance of an administrative search warrant.

This court, in *State v. Kokomo Tube Co.,* (1981) Ind.App., 426 N.E.2d 1338, adopted the probable cause standard for issuance of an administrative search warrant set out by the United States Supreme Court:

> " 'Whether the Secretary proceeds to secure a warrant or other process, with or without prior notice, his entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a *showing that "reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment]."* *Camara v. Municipal Court,* 387 U.S. [523], at 538, 87 S.Ct. [1727] at 1736 [18 L.Ed.2d 930 (1967)]. A *warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources* such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area, *would protect an employer's Fourth Amendment rights.*' "

*Kokomo Tube, supra* at 1343 (quoting *Marshall v. Barlow's, Inc.,* (1978) 436 U.S. 307, 320–21, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305) (emphasis supplied; emphasis in text omitted).

With this standard in mind, we first address J & P's concerns with an inspection program which is based on classifying industries as "highly hazardous" by means of work days lost to injuries. Specifically, J & P claims that the classification of "highly hazardous" industries should be founded on more than injury statistics, the 1979 statistics are stale and should be based on state rather than federal injury statistics, and the manuals containing a detailed description of the classification system should be presented as evidence along with evidence of how many Indiana industries and employees fall within the manual's coverage.

The State is correct that the identical classification system, presented by means of virtually identical evidence, has been upheld as a proper administrative tool for selection of inspection sites on several occasions. *See In re Search Warrant For The Comm'r Of Labor To Inspect The Premises Of Frank Foundaries Corp.,* (1983) Ind. App., 448 N.E.2d 1089; *Kokomo Tube, supra. See also Marshall v. Milwaukee Boiler Mfg. Co.,* (7th Cir.1980) 626 F.2d 1339; *In re Establishment Inspection Of Gilbert & Bennett Mfg. Co. v. Routh,* (7th Cir.1979) 589 F.2d 1335, *cert. denied,* 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113. We believe the system continues to meet the probable cause requirement as a rational, neutral plan without requiring state statistics, statistics less than three years old, presentation of manuals, or statistics other than injury rates. Furthermore, Faulkner's affidavit *did* specify how many Indiana companies fell within the "highly hazardous" industry classifications. *Record* at 12.

Second, we focus on J & P's allegation that the State did not adequately show how J & P fell within a "highly hazardous" industry classification. J & P's president testified at the motion to quash hearing that he employs only five workers, has lost only two days in approximately eleven years to work-related injuries, and operates a small shop which does not use dangerous, heavy equipment normally used in the "plating" industry. Because of this testimony, J & P believes it has removed itself

from the State's classification of the "plating" industry.

J & P misconstrues that segment of the probable cause standard which requires that the standards " 'are satisfied with respect to a particular [establishment].' " *Kokomo Tube, supra* at 1343 (quoting *Barlow's, supra* at 320–21, 98 S.Ct. at 1824) (emphasis in text omitted). In *Camara v. Municipal Court,* (1967) 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930, the United States Supreme Court case first establishing probable cause standards for administrative search warrants in the context of building code inspections, the court discussed what it means to establish probable cause to search a particular building:

> "Such standards [for conducting an area inspection with respect to a particular building], which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (*e.g.,* a multi-family apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling."

*Id.* at 538, 87 S.Ct. at 1736.

When applied to the issuance of a search warrant for inspecting a factory based on a reasonable, neutral plan, this court has required only a showing that the particular company to be inspected falls within one of the "highly hazardous" industry classifications (here the "plating" industry). *See In re Search Warrant Of Frank Foundries, supra; Kokomo Tube, supra.* J & P does not claim that it is not a "plating" company, but rather that it is not a "highly hazardous" company. The State cannot possibly determine which individual companies are "highly hazardous" by virtue of their particularized injury statistics or the type of equipment employed. "[T]he agency is not required to make a massive evidentiary showing of particularized cause and a simple warrant request hearing should not be turned into a full-blown hearing. We continue to decline 'imposing on the Secretary an unwarranted "consump-

tion of enforcement energies" which would "exceed manageable proportions" ' ". *Milwaukee, supra* at 1345 (quoting *Gilbert & Bennett, supra* at 1342). *See also Barlow's, supra* at 321, 98 S.Ct. at 1824. The evidence presented by way of Faulkner's affidavit with the original search warrant application has been sufficient to establish probable cause for an administrative search warrant in the past, *see Kokomo Tube, supra,* and is sufficient to establish probable cause here as well.

The judgment is reversed, and the cause is remanded to the Jay Circuit Court which is instructed to issue the requested warrant.

SULLIVAN and SHIELDS, JJ., concur.